**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARMELA LEDFORD,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,

      Defendant-Appellee.

No. 05-7111
(D.C. No. 04-CV-166-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Carmela Ledford appeals from the district court's order affirming the

Commissioner's denial of her application for supplemental security income (SSI)

benefits under Title XVI of the Social Security Act. We have jurisdiction under

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse in part and affirm in part, as set forth below.

## I. Background

Ms. Ledford applied for SSI in July 2001, alleging an inability to work since May 2000, due to carpal tunnel syndrome, left shoulder pain, and nerve damage in her right arm. Aplt. App. 126, 227. The agency denied Ms. Ledford's application for benefits initially and on reconsideration. She then received a de novo hearing before an administrative law judge (ALJ). The ALJ found Ms. Ledford had carpal tunnel syndrome and depressive disorder, severe impairments under the applicable regulations, but determined that she did not have "any functional restrictions . . . that would preclude light work activity," *id.* at 18. The ALJ described Ms. Ledford's residual functional capacity (RFC) as follows:

> lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours out of an 8-hour workday; stand 6 hours out of an 8-hour workday; no overhead or above shoulder work; moderate limitations to follow and carry out detailed instructions; mild to moderate occasional chronic pain but could carry out normal work assignments satisfactorily.

*Id.* at 18-19. Relying on the testimony of a vocational expert (VE), the ALJ made alternative determinations at steps four and five of the familiar five-step sequential evaluation process. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994) (recognizing the benefit of alternative determinations in the

social security review process); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five-step process). The ALJ concluded that Ms. Ledford was not disabled because under step four she retained the RFC to perform her past work, and under step five she retained the RFC to perform other jobs available in the regional and national economies.

The Appeals Council denied Ms. Ledford's request for review, stating that it had considered the additional evidence submitted but that the evidence did not provide a basis for changing the ALJ's decision. The district court affirmed and adopted the magistrate judge's findings and recommendations, denying benefits.

This appeal followed. Ms. Ledford asserts (1) the ALJ improperly disregarded treating and consulting physicians' opinions and as a result formulated an RFC that does not include all of her limitations, (2) the Appeals Council committed reversible error in denying her request for review, and (3) the ALJ made an improper credibility assessment.

## II.    Standard of Review and Discussion

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the ALJ's decision only to determine

whether his factual findings are supported by substantial evidence in the record

and whether he applied the correct legal standards. *See Jensen*, 436 F.3d at 1165.

Ms. Ledford first asserts that the ALJ erroneously disregarded treating and

consulting physicians' opinions, and as a result, formulated an incomplete RFC.

Specifically, she claims her RFC should have included a "reference to [her]

decreased grip strength and [her] inability to engage in repetitive motion activities

with her upper extremities." Aplt. Br. at 12. We address each alleged limitation

in turn.

The record contains three pieces of evidence indicating Ms. Ledford has

reduced grip strength: treating physician Nelms's opinion, which pre-dates

Ms. Ledford's first denial of SSI;[1] treating physician Nettle's opinion; and

consulting physician Krishnamurthi's opinion. Specifically, on June 28, 2000,

Dr. Nelms reported that Ms. Ledford had reduced grip strength and reduced range

of motion of her right wrist. Aplt. App. at 165. On April 20, 2001, Dr. Nettles,

who had been treating Ms. Ledford for carpal tunnel syndrome, reported in a

progress note under "Physical Examination" that Ms. Ledford had reduced grip

strength of her right hand and pain associated with passive movement of her right

---

[1] Ms. Ledford filed a prior application for SSI on July 19, 2000, which was denied initially, on October 20, 2000, and on reconsideration, on November 30, 2000. Instead of seeking a hearing before an ALJ on that application, she filed a new application for SSI on April 26, 2001 (the application at issue in this appeal). Although Ms. Ledford is precluded from claiming benefits prior to November 30, 2000, evidence from the previously adjudicated period is still relevant. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

wrist. *Id.* at 185. On June 11, 2002, Dr. Krishnamurthi, a consulting physician, examined Ms. Ledford and quantified her reduced grip strength: "[m]otor strength is . . . 4/5 in right hand." *Id.* at 228. He also noted and "considered reliable" Ms. Ledford's report that she "is not able to do much with her right arm." *Id.* at 227.

We recognize that "an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. In this case, the ALJ cited Dr. Krishnamurthi's report without mentioning his reduced-grip-strength finding. And, although the ALJ apparently relied upon Dr. Krishnamurthi's report for his other findings, he did not explain what weight he gave it. Further, we cannot tell if the ALJ took into consideration the reduced-grip-strength opinions of Dr. Nelms and Dr. Nettles, treating physicians who, combined, saw Ms. Ledford at least five times during 2000 and 2001. Aplt. App. at 165, 192-93, 187-88, 215-16.[2] Indeed, the ALJ's decision fails to identify Dr. Nelms or Dr. Nettles, or explain what weight, if any, he assigned to their opinions, as required by 8 C.F.R. § 416.927(d). *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01

_____

[2] These physicians may have, combined, seen Ms. Ledford on more than five occasions, but because several of Ms. Ledford's medical records have illegible physician signatures we cannot be sure. *See* Aplt. App. at 190-91, 189.

(10th Cir. 2003) (explaining analysis ALJ should follow in assessing treating source medical opinions).

Without the benefit of the ALJ's findings and his weighing of the reduced-grip-strength evidence, a reviewing court is at a loss. We cannot tell whether, as Ms. Ledford contends, her RFC should have contained a reference to her reduced grip strength.

The Commissioner counters "that both Ms. Ledford's treating physicians['] and Dr Krishnamurthi's findings were consistent with the ALJ's RFC . . . [and] [f]or this reason, the ALJ was not required to further weigh the statements in those records." Aplee. Br. at 15 (citing *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)). We disagree. First, the Commissioner's position ignores the possibility that reduced grip strength may affect lifting, carrying, pulling, manipulative, or handling functions. *See* 8 C.F.R. § 416.945(b) (identifying physical abilities considered in assessing RFC).[3] Second, *Howard* is distinguishable. In *Howard*, the claimant challenged as conclusory and unsubstantiated the ALJ's RFC determination. We agreed that the ALJ's lack of analysis was troubling but "conclude[d] that substantial evidence in the record support[ed] the ALJ's RFC determination," emphasizing that the ALJ had

---

3   Likewise, reduced grip strength may affect Ms. Ledford's ability to perform her past work as a "housekeep[er], cashier, dishwasher, kitchen helper, [and] clothes ironer," or to adjust to the other work identified by the VE and relied upon by the ALJ—material advertiser, ticket seller, bench assembly worker, and information clerk. Aplt. App. at 19.

"discussed all of the relevant medical evidence in some detail. . . . and [that] . . . none of the record medical evidence conflict[ed] with the ALJ's conclusion that claimant c[ould] perform light work." 379 F.3d at 947. This case is different. In this case, the ALJ did not provide a detailed discussion of all of the relevant medical evidence. He provided an abbreviated summary of the medical evidence that acknowledged Ms. Leford had the "acute disease of carpal tunnel," without discussing her reduced grip strength or identifying her treating physicians. Aplt. App. at 16. Without the ALJ's consideration of the reduced-grip-strength evidence it is unclear, as previously alluded to, whether the record medical evidence conflicts with the ALJ's RFC assessment. Thus, we cannot conclude on the facts of this case, as we did on the facts of *Howard*, "that substantial evidence in the record supports the ALJ's RFC determination." 379 F.3d at 947. We do not have sufficient information to make such a determination.

"The failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen*, 436 F.3d at 1165 (quotations omitted). Since the ALJ did not discuss the record evidence regarding reduced grip strength, or explain what weight, if any, he accorded Ms. Ledford's treating and consulting physicians' opinions, we must remand to allow the Commissioner to conduct the required analyses. *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his

reasons for ignoring . . . evidence"); *Watkins*, 350 F.3d at 1300 (remanding because a reviewing court is unable to properly review the ALJ's decision without "[an] explanation for the weight, if any, [the ALJ] gave to the opinion of . . . the treating physician"); *Hamlin*, 365 F.3d at 1215 (explaining that "[i]f an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it"). On remand, the ALJ should also evaluate the new evidence submitted to and considered by the Appeals Council: Dr. Nelms's 2003 statement that, based on his review of Ms. Ledford's medical records and his "own examinations," she is unable to perform "repetitive type work that requires frequent reaching, handling or fingering with either extremity." Aplt. App. at 258. As with Ms. Ledford's reduced-grip-strength evidence, we cannot tell whether, as Ms. Ledford contends, her RFC should have contained a reference to her inability to engage in repetitive motion activities.

Ms. Ledford next argues that the Appeals Council committed reversible error in denying her request for review because the new evidence created a reasonable possibility that the ALJ would have come to a different conclusion if the evidence had been before him, and it is unclear the Appeals Council even evaluated the new evidence. This contention is moot in light of our disposition here. That is, on remand, Ms. Ledford will have an opportunity to present argument to the ALJ concerning the new evidence that is now part of the record. *See Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006).

Finally, Ms. Ledford asserts that the ALJ made an improper credibility assessment by failing to "properly evaluate [her] subjective allegations concerning her impairments," Aplt. Br. at 18, and by "resort[ing] to boilerplate language," *id.* at 20. We are not persuaded by either of these assertions. "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence," *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted), but "a formalistic factor-by-factor recitation of the evidence" is not necessary, *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Having carefully examined the record as a whole, we are satisfied that the ALJ set forth the specific substantial evidence upon which he relied in evaluating Ms. Ledford's credibility and we therefore reject these claims of error. *See id.*

## III. Conclusion

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court with directions to REMAND to the Commissioner for additional proceedings consistent with this disposition.

Entered for the Court

Michael W. McConnell
Circuit Judge