**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHNNY J. HOWARD,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 03-7094

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 02-CV-130-S)

---

Submitted on the briefs:

Steve A. Troutman of Troutman & Troutman, P.C., Tulsa, Oklahoma, for
Plaintiff-Appellant.

Sheldon J. Sperling, United States Attorney, Cheryl Triplett, Assistant United
States Attorney, Tina M. Waddell, Regional Chief Counsel, Region VI, Michael
McGaughran, Deputy Regional Chief Counsel, Region VI, and Michelle M.
Montemayor, Assistant Regional Counsel, Social Security Administration, Office
of the General Counsel, Region VI, Dallas, Texas, for Defendant-Appellee.

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** ,
Circuit Judge.

**KELLY** , Circuit Judge.

_____

Johnny J. Howard appeals the denial of her 2000 application for supplemental security income benefits under Title XVI of the Social Security Act, wherein she claimed disability as a result of a heart condition, blood clots, and a bad knee. [1]  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See Williams v. Bowen* , 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing steps).  After claimant's application was denied administratively and upon reconsideration, a hearing was held before an administrative law judge (ALJ).  The ALJ determined at step five that, despite several impairments, claimant retained the residual functional capacity (RFC) to perform a full or wide range of jobs at the light exertional level.  The ALJ used the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P., App. 2, ("grids") to conclude that claimant, an individual with a limited education and closely approaching advanced age, was not disabled within the meaning of the Social Security Act.  The Appeals Council denied review.

_____

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant brought suit in federal court and the district court affirmed the agency's denial of benefits. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review, however, is limited to evaluating whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Goatcher v. United States Dep't of Health & Human Servs.,* 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). In determining whether substantial evidence exists to support the ALJ's decision, we will not reweigh the evidence. *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).

I.

Claimant raises four arguments on appeal. First, she challenges the ALJ's RFC assessment as conclusory and lacking the support of substantial evidence in the record. We agree that the lack of analysis accompanying the ALJ's RFC determination is troubling; we have urged ALJs to include reasoning in their decisions to make appellate review not only possible but meaningful. *See Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). However, our careful review of the record on appeal in light of the deferential appellate standard leads us to conclude

-3-

that substantial evidence in the record supports the ALJ's RFC determination in this particular case.

Claimant cites to *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996), arguing that the ALJ must, as a matter of law, discuss the evidence and give reasons for his decision. We reject this broad argument because we conclude that *Clifton* is distinguishable. First, the step three decision described in *Clifton* is far more cursory than the RFC determination here; in this case, the ALJ discussed all of the relevant medical evidence in some detail. Second, and perhaps more importantly, in this case none of the record medical evidence conflicts with the ALJ's conclusion that claimant can perform light work. When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened. The remaining cases claimant cites are similarly unpersuasive.

Claimant also contends that substantial evidence in the record is lacking to support the ALJ's RFC determination. She takes issue with a comment in the ALJ's decision that the medical evidence does not support the claimant's testimony that she had a heart attack in 1995 or 1996. But claimant does not identify how the ALJ's comment affected his RFC determination or his ultimate conclusion of nondisability. Indeed, in his listing of claimant's impairments, the ALJ included "possible prior myocardial infarction" and he also acknowledged

-4-

the episodes of chest pain to which claimant testified at the hearing. Aplt. App., Vol. II at 13. Claimant does not argue that other symptoms or functional limitations are caused by her heart condition, and has not challenged the ALJ's determination that her episodes of chest pain are controlled with medication.

Claimant contends that evidence of a 1999 injury to her left knee contradicts the ALJ's statement that she had no marked arthritic pain, joint deformity, or musculoskeletal impairment. She argues that the record demonstrates she has suffered from pain and limitation of her range of motion as a result of this injury. But there is no medical evidence regarding claimant's knee injury which contradicts the ALJ's conclusion that she retains the capacity to perform light work. Claimant sought treatment one month after the reported injury, at which time her knee was treated conservatively with pain medication, instructions for home physical therapy, and a brace. A more recent report from a consultative, examining physician noted "no pain with doing range of motion" and that claimant's gait was "of normal speed, stability, and safety." *Id.* at 123. Claimant's testimony at the hearing about her daily activities and limitations does not suggest that she cannot perform light work. Substantial evidence supports the ALJ's RFC determination. [2]

_____

[2]     Claimant also contends that the ALJ's stated conclusion that she could perform skilled work "makes no sense at all." Aplt. Br. at 19. We agree. Given

(continued...)

## II.

In her second issue, claimant asserts that the ALJ failed to properly consider her obesity, either as a disabling condition or as a factor which exacerbated her other conditions. But the ALJ did discuss possible ramifications of her obesity when he addressed the lack of marked arthritic pain, joint deformity, or musculoskeletal impairment. Claimant does not discuss or cite to medical evidence about other areas which were impacted by her obesity. Further, the consultative examination and resulting report, which took into account claimant's obesity, supports the ALJ's RFC determination. Finally, her testimony about her daily activities does not contradict the ALJ's conclusion that she can perform light work.

Claimant also argues that the ALJ's characterization of her obesity as "mild" is not supported by the record. But she identifies no factual or legal errors compelled by the ALJ's use of the word "mild" to describe her obesity. We conclude that the factual record does not support claimant's position that her

---

[2](...continued)
claimant's lack of work history, there is no evidence that claimant possesses work skills, transferable or otherwise. However, as claimant tacitly acknowledges, because the ALJ concluded that she could perform a full or wide range of jobs in the light work category, the presence or absence of skills is not a determinative issue. *Cf.* 20 C.F.R. § 416.968(d)(4) (discussing transferability of skills requirement for individuals of advanced age).

obesity, either alone or in combination with other conditions, precludes her from performing light work.

## III.

Claimant next argues that the ALJ's reliance on the grids was error. She asserts that there is no affirmative evidence that she can perform the demands of light work, and contends that the ALJ relied on an absence of evidence to reach his decision. We disagree with claimant's implicit argument that the agency, not the claimant, has the burden to provide evidence of claimant's functional limitations. As a recent Social Security final rule makes clear, the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment, unless the ALJ's duty to further develop the record is triggered. 68 F.R. 51153, 51155 (2003); *cf. Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997) (discussing development of the record). Because, as noted above, we conclude that medical evidence in the record in this case supports the ALJ's RFC determination, the ALJ did not err by relying on the grids to reach his ultimate conclusion that claimant was not disabled.

## IV.

Claimant's last argument is that the ALJ failed to properly develop the record. She asserts that the records relating to her heart attack should have been obtained. But, as we noted above, claimant does not allege–and the medical

evidence does not suggest–functional limitations flowing from the heart attack other than those already acknowledged by the ALJ. Claimant also argues that the ALJ should have ordered a consultative examination in light of her knee condition and her obesity. In *Hawkins*, we said that "the starting place must be the presence of some objective medical evidence in the record suggesting that existence of a condition which could have a material impact on the disability decision *requiring further investigation*." 113 F.3d at 1167 (emphasis added). Nothing in claimant's arguments on appeal or the medical record as a whole suggests that claimant's knee injury or obesity required further investigation before an ALJ could determine what functional limitations, if any, existed as a result of these conditions.

Claimant argues that the report from the consultative examining physician is inadequate to establish that she can perform the specific functional requirements of light work. But the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record. *See, e.g.,* 20 C.F.R. § 416.927(e)(2); SSR 96-5p, 1996 WL 374183, at *5. We also reject claimant's implicit argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category.

Finally, claimant contends that the passage of time between the consultative examination on the record and the hearing demonstrates the need for another consultative examination. However, the only condition that claimant alleged had worsened over time was her periodic chest pain. The ALJ acknowledged this condition, but concluded, based on claimant's testimony at the hearing, that it was controlled with medication.

Despite the lack of analysis leading up to the ALJ's RFC determination, we affirm the agency's denial of benefits in this case because we conclude that substantial evidence supports the ALJ's decision and the correct legal standards were applied. *See Goatcher,* 52 F.3d at 289. Accordingly, the judgment of the district court is AFFIRMED.