**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONNA MCINTOSH LOUIE,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

Defendant-Appellee.

No.  04-7022
(D.C. No. CV-03-262-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Donna McIntosh Louie appeals from a district court order affirming the Commissioner's decision denying disability benefits. The Commissioner adopted the ruling of an administrative law judge (ALJ), who found that Louie suffers from "osteoarthritis of the knees and fingers, which causes more than slight impairment with limitation in motion and functioning," R., Doc. 4 at 19, and that, despite these limitations, Louie is capable of performing sedentary work, although she is not able to resume any of her past relevant work, see id. at 20. Applying the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (Grids), the ALJ found that Louie is not disabled.

On appeal from this decision, we review to determine "whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied." Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004). We hold that the ALJ erred in one respect, and we therefore reverse the decision of the district court approving the denial of disability benefits.

Louie suffers from chronic pain and swelling in her joints. In March 2001, her treating physician, Marc Davis, referred her to a rheumatologist, Robert McArthur, for assistance in diagnosing Louie's condition; among other questions, Dr. Davis wanted to determine whether Louie has lupus. Dr. McArthur initially advised Dr. Davis, "I cannot entirely rule out systemic lupus although on the

surface, I think it is probably not too likely that is the source of her discomfort, however it does seem somewhat unusual that she would have relatively recent onset of these musculoskeletal complaints at her young age." R., Doc. 4 at 224. Then, after receiving results from several tests, Dr. McArthur diagnosed Louie with "[u]ndifferentiated autoimmune disease," adding that he "really cannot confirm classic lupus." Id. at 223.

Louie did not see Dr. Davis for more than a year after he referred her to Dr. McArthur. She did, however, receive several months of treatment from other physicians for a fractured left elbow. When she returned to Dr. Davis in April 2002, he made an assessment of "Lupus with Rheumatoid Arthritis," id. at 234, and filled out a Medical Source Statement form describing significant limitations.

In the instant disability proceeding, the ALJ rejected Dr. Davis's opinion with respect to both his diagnosis of lupus and his assessment of Louie's residual functional capacity. Louie contends that this was improper, because Dr. Davis was her treating physician and his opinion was therefore entitled to greater weight than the ALJ gave it. We find no error. We have held that the ALJ must clearly indicate how much weight he has accorded to the treating physician's opinion and explain his reasons for doing so. See Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Here, the ALJ complied with these requirements by stating that he gave no weight to portions of Dr. Davis's opinion because they were premised

primarily on his diagnosis of lupus, which was inconsistent with Dr. McArthur's opinion that Louie probably did not suffer from systemic lupus. Although the ALJ did not expressly apply the factors enumerated in Watkins for assigning weight to a treating physician's opinion, see id. at 1301, his opinion reflects that the decision to give no weight to Dr. Davis's opinion was supported by the considerations deemed relevant in Watkins.

Louie next asserts that the ALJ erred in applying the Grids because she suffers from nonexertional limitations; thus, it was improper for the ALJ to make a conclusive determination of nondisability based on the Grids, see 20 C.F.R. Part 404, Subpt. P, App. 2. We agree. The record contains several indications that Louie is subject to nonexertional limitations, including findings by Dr. Davis that Louie could not perform any job requiring stooping, kneeling, crouching, crawling, or repetitive joint movements involving pushing and pulling. The ALJ discounted other portions of Dr. Davis's opinion but made no reference to these findings or to any other medical evidence of nonexertional limitations. Accordingly, we must remand this case to the Commissioner to determine whether Louie has nonexertional limitations and, if so, to obtain testimony from a vocational expert regarding the effect of these limitations on jobs that Louie could perform.

For the foregoing reasons, the judgment of the district court is REVERSED and this case is REMANDED with instructions to remand to the Commissioner for further proceedings.

Entered for the Court


John C. Porfilio
Circuit Judge