**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HOWARD CONNICK,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 04-2119
(D.C. No. CIV-02-592-JB/LCS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Appellant Howard L. Connick challenges a decision terminating his

disability benefits.  We affirm.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

Connick injured his back twice in 1991. As a result of the second injury, he underwent two operations.

In 1994, the Social Security Administration ("the Administration") ruled that Connick was disabled and began paying benefits to him. Nearly five years later, however, the Administration determined that Connick had recuperated from his surgeries and that his condition had improved enough to warrant termination of his disability benefits. Connick appealed this decision. Following an evidentiary hearing, an administrative law judge (ALJ) upheld the termination of benefits. Connick appealed again, but the ALJ's decision was affirmed by the Appeals Council.

Connick then petitioned for review in district court. A magistrate judge recommended that the court deny Connick's petition, and the district court adopted this recommendation.

II.

Construing Connick's *pro se* brief liberally, see Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004), cert. denied, 125 S. Ct. 1664 (2005), we conclude that he has raised the following claims:

(a)    The Administration failed to consider information from Connick's regular physician.

(b)     The ALJ's finding that Connick is capable of lifting up to thirty pounds is not supported by the evidence.

(c)     The Administration erred in relying on inconsistent testimony by the vocational expert.

In examining these claims, "[w]e review the district court's decision *de novo*," Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001), and examine the underlying termination of benefits to determine "whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied," Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004).

## A.

In his initial claim, Connick faults the ALJ for failing to consider information from a physician who "is, and has been my Doctor for some time now." Aplt's Br. at 2. It is difficult to read the name of this physician in Connick's brief, but it appears that his name is either Sloan or Stoan. It is also possible that Connick intended to refer to Dr. Perry Stearns, who treated Connick for his first injury in 1991 (which did not, by itself, cause Connick to become disabled). Regardless of which of these possibilities is correct, Connick's claim is unavailing.

Because disability proceedings are non-adversarial, the hearing judge is responsible for ensuring that the record is fully developed. See Hawkins v.

Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Thus, even when a claimant fails to provide pertinent information, the ALJ "has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996) (emphasis added). Application of this principle does not assist Connick, however, as no information about any doctor named Sloan or Stoan was brought to the ALJ's attention, nor is there any indication in the record that Connick received treatment from Dr. Stearns after 1991. Accordingly, the ALJ had no duty to seek records from a doctor named Sloan or Stoan, or to seek additional records from Stearns.

To the extent that Connick seeks to reopen administrative proceedings in order to expand the record, we hold that he has not made the requisite showing. A disability claimant who wishes to add evidence to the record must show that the evidence is new, that it is material, and that "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Longworth v. Comm'r, 402 F.3d 591, 598 (6th Cir. 2005). Connick's representation that the doctor in question has been treating him for a long time indicates that records from this doctor would not constitute *new* evidence. Moreover, Connick has neither demonstrated that information from this

doctor would be material nor justified his failure to mention this doctor earlier. For these reasons, Connick's first claim provides no basis for relief.

B.

Connick's second claim challenges the ALJ's reliance on a determination by Dr. Barry Diskant that Connick is "capable of lifting up to 30 pounds occasionally." R. at 25. In fact, however, the ALJ made a more limited assumption but still found that Connick was able to perform a wide range of jobs.

After conducting a full medical evaluation in August 1997, Diskant concluded that Connick "reached maximum medical improvement by 05-10-95," and that, since that date, Connick has been capable of lifting thirty pounds occasionally, fifteen pounds frequently, and ten pounds constantly. Id. at 335. This assessment was subsequently corroborated by Dr. Eugene Toner. See id. at 418. Other evaluations on or after May 10, 1995, established that Connick could lift between twenty and thirty-five pounds occasionally. See id. at 347, 353, 411.

The ALJ's opinion upholding the termination of benefits adopted the most limited assessment–namely, that Connick could only lift twenty pounds occasionally. See id. at 26. As noted above, this finding was supported by the opinions of several doctors and was not controverted by any evidence in the record. This finding therefore provides no basis for reversal of the Administration's decision.

C.

In his final claim, Connick asserts that the ALJ erred in relying on testimony from a vocational expert that contradicted earlier statements by the same witness. Connick has not identified any inconsistencies, however, and we have not discovered any in our own review of the record. Accordingly, we decline to reverse the Administration's decision based on this claim.

III.

For the foregoing reasons, we affirm the decision of the district court upholding the termination of Connick's disability benefits.

Entered for the Court

David M. Ebel
Circuit Judge