**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLAUDIA L. TOM,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 04-7117
(D.C. No. 04-CV-57-S)
(E. D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, KELLY,** and **MURPHY** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claudia Tom appeals the district court's affirmance of a decision by the Social Security Administration's Commissioner that denied Tom disability insurance benefits and supplemental security income benefits at step four of the five-step sequential evaluation process. Tom argues that the administrative law judge (ALJ) (1) disregarded a treating physician's opinion; (2) failed to adequately develop the administrative record; and (3) made an unsupported credibility determination. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

## I. THE TREATING PHYSICIAN RULE

An ALJ is not required to give a treating physician's opinion controlling weight if the opinion is not "'well-supported by medically acceptable clinical and laboratory diagnostic techniques'" or "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188, at *2). But even if a treating physician's opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed in light of the following factors:

> "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

other factors brought to the ALJ's attention which tend to support or contradict the opinion."

*Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004) (quoting *Watkins*, 350 F.3d at 1301); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).

Tom argues that the ALJ disregarded the medical source statement of treating physician Victoria Pardue, D.O. Specifically, Tom challenges the ALJ's reliance on a consulting physician's opinion and contests the ALJ's determinations that Dr. Pardue has not provided much treatment for Tom's back and lower extremity pain, that Dr. Pardue's medical source statement was inconsistent with the other medical evidence and Tom's pre-operative activities, and that Dr. Pardue may have responded sympathetically to Tom's statement that she was "considering working on getting her disability," Aplt. App. at 189. Tom also contends that the ALJ neither acknowledged Dr. Pardue's comments on the medical source statement form nor articulated the weight he afforded Dr. Pardue's opinion after finding it non-controlling. Finally, Tom contends that her post-surgery back pain complaints demonstrate that the laminectomy/discectomy performed by orthopedic specialist S. Drew Temple, M.D., failed to resolve her back problems.

We conclude that the ALJ did not err in rejecting Dr. Pardue's opinion as controlling. The limitations opined by Dr. Pardue are neither supported by diagnostic techniques nor consistent with the substantial evidence in the record.

Further, the ALJ's reasons for not giving Dr. Pardue's opinion "as much weight as the other evidence of record," Aplt. App. at 26, are in accordance with the medical-opinion evaluation factors described in *Branum*. We do note, however, that the ALJ improperly questioned Dr. Pardue's impartiality. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (stating that a physician's tendency to advocate a patient's cause is generally an insufficient reason to reject that physician's medical opinion). Nevertheless, that error is not fatal to the ALJ's ultimate discounting of Dr. Pardue's opinion, given that the ALJ articulated other legitimate reasons to discount Dr. Pardue's opinion.

## II. THE ADMINISTRATIVE RECORD

Tom argues that the ALJ should have ordered a consultative examination to assess her post-surgery limitations. Specifically, Tom asserts that there is no evidence to support the ALJ's findings that Tom's surgery was successful and involved a short convalescence. We disagree.

An ALJ has the duty to "order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). But when, as here, the social security claimant is represented at the hearing by counsel who fails to request a consultative exam, the

-4-

ALJ's duty is triggered only when the need for a consultative exam is "*clearly* established in the record." *Id.* at 1168 (emphasis added). Although a post-surgery consultative examination might have been helpful to test the continuing validity of Dr. Temple's post-operative observation that Tom was "just doing wonderfully," we cannot conclude that the record "clearly" establishes the need for another consultative examination, *Hawkins*, 113 F.3d at 1168; *cf. Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (concluding that the passage of time between the consultative examination and the disability hearing did not warrant another consultative exam to assess the claimant's continuing chest pain, because there was evidence that the pain was not disabling).

## III. CREDIBILITY

Finally, Tom argues that the ALJ erred in finding that Tom's "allegations regarding her limitations are not totally credible," Aplt. App. at 30. Credibility determinations are peculiarly within the province of the fact-finder and will not be disturbed when closely and affirmatively linked to substantial evidence. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Substantial evidence is "more than a scintilla, but less than a preponderance," *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989), and is established by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996) (quotation marks omitted). We

-5-

conclude that the ALJ's credibility determination is legally sound and supported by substantial evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (discussing the process for determining whether subjective complaints are credible).

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge