**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TAMMY A. HARJO,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 08-7114
(D.C. No. 6:07-CV-131-RAW-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Tammy A. Harjo appeals from a judgment of the district court affirming the

Commissioner's denial of her application for Social Security disability benefits

and supplemental security income payments. Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Ms. Harjo claims she has been disabled since January 2003 due to a combination of impairments. Most significantly, she suffers from plantar fasciitis in both feet, which results in chronic heel pain. She first sought treatment for this condition in April 2003, and has had several steroid injections. Unfortunately, neither the injections nor the stretching exercises prescribed by her podiatrist have yielded sustained pain relief. Ms. Harjo also suffers from Type II diabetes, which, despite her testimony to the contrary, her medical records indicate she has had difficulty controlling. But her health does not appear to have suffered permanently as a result of this disease. She also claims to have arthritis in all of her joints and sporadic numbness of her arms and hands as well as tingling in her shoulders. Lastly, she complains of a hearing problem in one ear, near-sightedness, headaches, and fatigue.

After a hearing, an administrative law judge (ALJ) concluded that despite this combination of impairments, which he found to be severe, Ms. Harjo had the residual functional capacity (RFC) to perform a range of sedentary work. He went on to conclude at step 4 of the sequential evaluation process, *see* 20 C.F.R. § 404.1520 (a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing five steps), that she was not disabled because she could perform her past relevant work as an elections board clerk as she had actually performed that job. Alternatively, the ALJ found there were other jobs in Oklahoma that

Ms. Harjo could perform, thereby negating her claim of disability at step 5. The Appeals Council denied Ms. Harjo's request for review, making the ALJ's denial of benefits the agency's final decision. *Wall*, 561 F.3d at 1051. Ms. Harjo then sought judicial review in the district court, which, after an obviously thorough review of the administrative record, affirmed the ALJ's decision. This appeal followed.

## II. Discussion

In reviewing the ALJ's decision, we ask only whether it "is supported by substantial evidence" and "whether the correct legal standards were applied." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotation omitted). In making these determinations, "we will not reweigh the evidence or retry the case." *Wall*, 561 F.3d at 1052 (quotation omitted). Our role is to "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings[,] in order to determine if the substantiality test has been met." *Id.* (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (quotation omitted).

Ms. Harjo challenges the ALJ's decision on two grounds. First, she contends that his analysis contained a fatal inconsistency because he stated she *could* perform her past job as an elections board clerk, but ultimately concluded she was *incapable* of performing her past relevant work.

This argument is a non-starter. While the ALJ did misstate the vocational expert's (VE) opinion, which was that Ms. Harjo could perform her past job with the elections board even if limited to sedentary work, *see* Aplt. App. Vol. 2 at 418, the mistake ultimately redounded to her benefit because the ALJ proceeded to the fifth step of the analysis, which may have been unnecessary given the VE's testimony. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (explaining that if the ALJ concludes at step 4 that a claimant can perform her previous work, she is not disabled). We therefore reject this argument for substantially the same reasons articulated by the district court. *See* Aplt. App. Vol. 1 at 90.

Ms. Harjo's second challenge concerns the ALJ's determination, at step 5, that a significant number of jobs exist in Oklahoma that she is capable of performing. She asserts a litany of errors in this regard, from the VE's alleged failure to reduce the number of food order clerk jobs to account for her environmental limitations, to the finding that she can work as a fishing reel assembler. These arguments are based on her cross examination of the VE concerning whether certain limitations, some of which were not included in the ALJ's hypotheticals, would restrict Ms. Harjo's functional abilities beyond that found by the ALJ. As the ALJ conceded at the hearing, however, if Ms. Harjo's account of her impairments is fully credited, there are no jobs that she can

perform. *See* Aplt. App. Vol. 2 at 421. Accordingly, we interpret this line of attack as a challenge to the ALJ's credibility determination.

Specifically, the ALJ found that Ms. Harjo's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [her] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." *Id.* at 18. Ms. Harjo not only disagrees with this determination, but also takes issue with the ALJ's credibility analysis, arguing he failed to tie his findings to substantial evidence in the record. We agree that the ALJ's analysis was somewhat lacking. He could have done a better job of tying his impressions of Ms. Harjo's testimony to contrary or supporting evidence in the record. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (holding that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings") (quotation omitted). And we have consistently urged ALJs to do so in order to make our review meaningful. *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). But we also agree with the district court that the ALJ's manner of addressing Ms. Harjo's complaints was effective "because he discusse[d] in some detail the statements which he believed to be supported by the evidence." Aplt. App. Vol. 1 at 96. For example, the ALJ specifically credited Ms. Harjo's complaints of chronic pain, finding that her pain was "sufficiently severe as to be

-5-

noticeable to her at all times." *Id.* Vol. 2 at 18. But he found nothing in her medical records to support her claim that arthritis afflicts every joint in her body.

The ALJ also noted that Ms. Harjo's daily life restrictions appeared to be self-imposed, rather than recommended by her doctors. She challenges this finding, arguing that she was not seeking advice from her physicians, but treatment for her ailments. This may be so, but it was nonetheless reasonable for the ALJ to assume that five years of medical records might somewhere reflect the degree of alleged debilitation caused by her impairments. This is particularly true given her testimony that she spends up to half of every day lying down and that her pain renders her house-bound anywhere from five to ten days out of the month. *See id.* at 408, 411. We have long held, of course, that "[t]he absence of evidence is not evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993). And we recognize that Ms. Harjo may have made such complaints to her treating physicians, who may have neglected to write the information down. But the ALJ, not this court, is charged with making credibility determinations based on the record as a whole. *See Kepler*, 68 F.3d at 391 (noting that "[c]redibility determinations are peculiarly the province of the finder of fact") (quotation omitted). It is clear in this case that the ALJ's decision was not based solely, or even primarily, on Ms. Harjo's failure to produce a physician's recommendation that she be restricted from working. Such a narrow construction of his opinion is simply not supportable when read in its entirety.

### III. Conclusion

Based on our review of the record on appeal in light of the deferential standard of review, we conclude that substantial evidence supports the ALJ's decision in this case and that he applied the correct legal standards. *See Howard*, 379 F.3d at 947 (upholding ALJ's RFC assessment despite flaws in analysis). The judgment of the district court is therefore AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge