FILED
United States Court of Appeals
Tenth Circuit

May 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL A. AKERS,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 13-5128
(D.C. No. 4:12-CV-00489-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Michael A. Akers appeals from an order of the magistrate judge affirming the

Commissioner's decision to deny social security supplemental security income

("SSI") benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Akers filed for SSI benefits alleging disability due to psychosis and bipolar disorder. The Commissioner denied benefits, both initially and on reconsideration. Mr. Akers then received a hearing before an administrative law judge ("ALJ"), at which he was represented by counsel. The ALJ concluded that Mr. Akers had a severe impairment of affective mood disorder, but that he retained the residual functional capacity ("RFC") to perform medium, light and sedentary work, but he could not climb ropes, ladders, scaffolds, or work in environments that exposed him to unprotected heights or dangerous moving machinery parts. The ALJ found that Mr. Akers could understand, remember, and carry out simple to moderately detailed instructions in a work setting, and interact with coworkers and supervisors under routine supervision, but could interact with the public only occasionally in person or by telephone. After considering testimony from a vocational expert, the ALJ concluded Mr. Akers could perform his past relevant work as a warehouse laborer and ice cream freezer assistant, and could also perform other jobs existing in significant numbers in the national economy. The Appeals Council denied Mr. Akers' request for review. Mr. Akers appealed to the district court, and the magistrate judge, sitting by consent, affirmed.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Robinson v. Barnhart*, 366 F.3d 1078, 1080 (10th Cir. 2004) (internal quotation marks omitted). On appeal, Mr. Akers argues that the ALJ

failed to properly analyze the medical source evidence. The ALJ afforded great weight to the medical opinion of Dr. Minor Gordon, Ph.D., a consultative examining psychologist, who prepared a detailed report. Dr. Gordon noted that Mr. Akers denied any delusions or hallucinations, and appeared attentive and alert. Dr. Gordon reported that Mr. Akers' intelligence was low average, and he would, therefore, have some difficulty passing judgment in a work setting depending on the complexity of the task, but that he could communicate comfortably, and "should be able to perform some type of routine and repetitive task on a regular basis and he certainly could be expected to relate adequately with coworkers and supervisors on a superficial level for work purposes." Aplt. App., Vol. 3, at 318. Mr. Akers does not challenge the ALJ's consideration of Dr. Gordon's evidence.

The ALJ gave some weight to the mental status form filled out by Mr. Caswell, a licensed professional counselor, who stated that Mr. Akers was intelligent but immature, had below-average thought processes and trouble focusing, and could perform simple tasks. But he opined Mr. Akers could not keep a job because he could not handle work pressure or responsibility, would need constant supervision, and could not relate to coworkers. *Id*. at 258. Mr. Akers argues the ALJ failed to use the factors set out in 20 C.F.R. § 404.1527(c) in considering Mr. Caswell's opinion. We find no error. Licensed professional counselors are not "acceptable medical sources"—and thus may not provide medical opinions—but fall within the category of "other sources" whose opinions may be considered to show the

- 3 -

severity of a claimant's impairment. *See* SSR 06-03p, 2006 WL 2329939, at 1-2 (Aug. 9, 2006). "[T]he factors in 20 CFR 404.1527[(c)] . . . explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' [though] these same factors can be applied to opinion evidence from 'other sources.'" *Id*. at *4. With respect to "other sources" evidence, SSR 06-03p states that an ALJ "generally should explain the weight given to opinions from these 'other sources'" or otherwise ensure the decision permits a reviewer to follow his or her reasoning. *Id*. at *6. Here, the ALJ complied with SSR 06-03p and other applicable regulations by explaining the weight he assigned to Mr. Caswell's opinion and the reason for that weight.

The ALJ gave very little weight to the opinion of Dr. Johnson-Miller, who completed a mental status form two days after the ALJ's hearing. Dr. Johnson-Miller wrote that Mr. Akers "reports" that he could not "respond appropriately to work pressure, supervision and co-workers"; "reported irritability and difficulty controlling his emotions"; "reports anger outbursts [and] labile mood"; "reported difficulty maintaining employment due to bad attitude"; and "reports seeing angels and communicating with them." Aplt. App., Vol. 3, at 448-49. She also opined that Mr. Akers could remember, comprehend and carry out directions on an independent basis, but displayed poor focus, grandiosity and religiosity, *id*. at 448, and appeared to display disorganized thought pattern and loose associations, *id*. at 449.

- 4 -

The ALJ explained that he gave very little weight to Dr. Johnson-Miller's evidence because it was quite conclusory and provided very little explanation of the evidence relied upon, and because her opinions departed substantially from the rest of the evidence.  Mr. Akers argues on appeal that Dr. Johnson-Miller's report was not conclusory.  We disagree.  Dr. Johnson-Miller expressly relied quite heavily on Mr. Akers' subjective complaints and provided little or no explanation of the basis of her conclusions, thus, the ALJ was entitled to give her report little weight.  *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988) (holding that "a treating physician's opinion may be rejected if it is brief, conclusory and unsupported by medical evidence").  We find no merit in Mr. Akers' claim that the ALJ ignored Dr. Johnson-Miller's mental RFC findings; those findings are for recording summary conclusions and are included and reported in her mental status form, which the ALJ thoroughly discussed.  Mr. Akers also argues that the ALJ relied improperly on speculation and boilerplate when he mentioned the possibility "that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another" and that "patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians."  Aplt. App., Vol. 2, at 25.  These comments clearly do not constitute the sole basis for the weight the ALJ assigned to Dr. Johnson-Miller's opinion, and the ALJ properly  provided a fuller, and more specific explanation for his evaluation of this evidence.  *See Mays v. Colvin*, 739 F.3d 569, 577 (10th Cir. 2014) (use of same boilerplate observation not

improper where it was not the sole basis of the assigned weight and did not detract from ALJ's further explanation).

Next, Mr. Akers argues the ALJ erred by not expressly discussing a mental status form completed in November 2009 by a treatment provider at the Grand Lake Mental Health Center, where Mr. Akers had been treated on an outpatient basis. This treatment provider's signature is illegible and the form does not indicate who completed it or the provider's medical credentials. This provider opined that Mr. Akers displayed an ability to think, reason, and respond; to remember, comprehend and carry out instructions; and to respond to work pressure, supervision and coworkers, but also had a poor ability to relate to others and could not handle funds. Aplt. App., Vol. 3, at 313. We agree with the magistrate judge's conclusion that this provider's form supports, and does not contradict, the ALJ's RFC finding. Thus, we find no reversible error in the ALJ's failure to discuss this opinion. *See Mays*, 739 F.3d at 578-79 ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."); *see also Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). For the same reason, we conclude the ALJ's failure to discuss the assessments of two state agency psychologists, Drs. Holloway and Kampschaefer, was harmless error. Both concluded that Mr. Akers' mental impairment was

non-severe, which is less favorable to Mr. Akers than the ALJ's conclusion that Mr. Akers did have a severe mental impairment. When the ALJ's RFC is "generally consistent" with the findings in an opinion, or if the RFC is "more favorable" to the claimant than the medical sources' findings, then "[t]here is no reason to believe that a further analysis or weighing of [the] opinion could advance [the claimant's] claim of disability." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012).

Finally, we find no error in the ALJ's discussion and consideration of the statements and testimony from Mr. Akers' parents. The ALJ discussed much of their testimony and statements and it is clear from the ALJ's decision that he considered all of their evidence. Mr. Akers is essentially arguing that because the ALJ did not discuss each piece of evidence, he did not consider it. But an ALJ is not required to "reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge