**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DENNIS LEROY MAESTAS,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

     Defendant - Appellee.

No. 15-2005
(D.C. No. 1:13-CV-01110-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Dennis Leroy Maestas appeals the district court's judgment affirming the

Commissioner's decision denying his application for disability benefits. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In Maestas' application for disability insurance benefits and supplemental security income benefits he alleged his disability commenced June 1, 2010, when he was 59 years old. The agency denied his application initially and on reconsideration. Following a de novo hearing, an administrative law judge (ALJ) concluded Maestas was not disabled.

In reaching this conclusion, the ALJ conducted a five-step sequential evaluation process. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). At step one, the ALJ noted Maestas had not engaged in substantial gainful activity since the alleged onset date of his disability. At step two, the ALJ found Maestas had the following severe impairments: diabetes mellitus, hypertension, anemia, and gout. At step three, the ALJ found Maestas did not have an impairment or combination of impairments that met or equaled a listed impairment.

The ALJ then assessed Maestas' residual functional capacity (RFC), concluding that he could perform a full range of medium work. At step four, the ALJ determined Maestas could perform his past relevant work as a cook, sandwich maker, salad maker, and restaurant manager. Alternatively, at step five, the ALJ found that other jobs existed in significant numbers in the national economy that Maestas could also perform.

The Appeals Council denied review of the ALJ's decision that Maestas was not disabled. On review, the district court upheld the ALJ's decision, denied

Maestas' motion to remand, and dismissed the case with prejudice. After the district court entered its judgment affirming the ALJ's decision, this appeal followed.

## II.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (citation and internal quotation marks omitted).

On appeal, Maestas argues the ALJ erred by failing to properly assess his RFC and failing to link the RFC findings to specific evidence. Maestas further argues the RFC determination is not supported by substantial evidence.

As discussed more fully below, our review of the record reflects that the ALJ properly considered all of the record evidence in reaching the RFC determination, including specifically discussing Maestas' application documents, hearing testimony, and medical records. We have explained that the regulations do not require "direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's narrative discussion is sufficient to support the RFC determination.

In assessing Maestas' RFC, the ALJ noted Maestas' alleged difficulty with standing, kneeling, seeing, and concentrating. But the ALJ found the record evidence did not support those limitations. As the ALJ discussed, the medical records showed Maestas' hypertension stabilized in 2010 and he had normal cardiopulmonary, abdominal, and musculoskeletal findings when examined in June and July of that year. Although Maestas reported a sore and swollen toe in July 2010, he indicated the condition had been present for only a short time. In December 2010, Maestas again exhibited normal cardiopulmonary and musculoskeletal findings on examination.

The ALJ also relied on Maestas' own testimony that he could perform many daily activities including doing dishes, laundry, and other household chores, and that he left the house daily, shopping for groceries, and going for daily walks. The ALJ concluded Maestas' testimony about his daily activities conflicted with his alleged functional limitations.

Maestas also testified that although he had actively sought employment during the preceding two years, he could not find a job due to the poor economy. The ALJ concluded that Maestas' active employment search indicated his ability and willingness to work during the period at issue, which in turn damaged his credibility regarding his alleged functional limitations.

As for opinion evidence, the ALJ relied upon a June 2010 letter from Maestas' physician, Dr. Delgado, releasing Maestas to return to work after a two-day medical-related absence. The ALJ also discussed a May 2011 letter from

4

Dr. Delgado identifying the conditions for which Maestas was being treated, but not identifying any work limitations.

Finally, the ALJ noted the opinions of the state agency medical consultants who found that Maestas had no severe impairments lasting more than twelve months. The ALJ afforded less weight to these opinions because he concluded that Maestas had some limitations resulting from his medical diagnoses during the period at issue. After careful consideration of the record evidence, the ALJ observed that there was no indication that Maestas would be reduced to less than medium work activity.

Maestas relies on his own assessment of his limitations to argue that the ALJ's RFC is unsupported. He points to statements in his function report and his testimony at the hearing about his vision problems and his difficulties with lifting, squatting, standing, and kneeling. He asserts that the "[m]edical reports support these allegations and note that [he] was observed to suffer from diabetes, gout, anemia, and edema." Aplt. Br. at 9. But other than this general statement, he cites nothing specific in the medical records to support his alleged functional limitations.[1] Moreover, the ALJ explained his finding that Maestas' own assessment of his limitations lacked credibility.

Maestas also contends the record was inadequate to permit the ALJ to make an RFC determination and the ALJ should have further developed the record. He urges us to remand the case so that the ALJ may obtain a consultative examination and

---

[1] Although Maestas cites to pages 236, 237, 274, 279, and 282 of the Administrative Record, and those pages do confirm the diagnoses he mentions, it is not clear how those pages support his alleged functional limitations.

recontact his treating physicians. But Maestas "bears the burden of establishing a prima facie case of disability at steps one through four." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). As part of his burden, he must provide evidence of his functional limitations, *see Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004), and show at step four that his impairments prevent him from performing his past work, *see Lax*, 489 F.3d at 1084.

The ALJ's duty to further develop the record is triggered by conflicts, inconsistencies or inconclusive findings in the medical record requiring further investigation. *See Hawkins v. Chater*, 113 F.3d 1162, 1166-67 (10th Cir. 1997). Maestas has failed to point to evidence in the medical record suggesting that his conditions "required further investigation before an ALJ could determine what functional limitations, if any, existed as a result of these conditions." *Howard*, 379 F.3d at 949. Because substantial evidence supports the ALJ's RFC determination, Maestas has not shown reversible error.

III.

We affirm the judgment of the district court affirming the ALJ's decision and dismissing Maestas' case with prejudice.

Entered for the Court


Nancy L. Moritz
Circuit Judge

6