**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2015**

**Elisabeth A. Shumaker**
*Clerk of Court*

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RHONDA R. TRUJILLO,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration

      Defendant - Appellee.

No. 14-1458
(D.C. No. 1:13-CV-03217-MJW)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Ms. Rhonda R. Trujillo suffers from an affective disorder and seeks social

security disability benefits, claiming that she cannot work. This claim was

supported by a psychologist, Dr. Robert Pelc, who testified that Ms. Trujillo had a

marked limitation in her ability to complete a normal workweek without (1)

---

[*]     The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

interruption from psychologically based symptoms or (2) excessive rest breaks. The administrative law judge rejected the claim, concluding that Ms. Trujillo could perform certain work as long as it involved tasks that were simple, rote, and repetitive. The district court affirmed. We reverse because the administrative law judge failed to address Dr. Pelc's assessment of a marked limitation.

**1.      Standard of Review**

In this appeal, we engage in de novo review of the district court's ruling. *Blea v. Barnhart*, 466 F.3d 903, 908 (10th Cir. 2006). In conducting de novo review, we must decide whether the Social Security Administration correctly applied legal standards and made findings supported by substantial evidence. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).

**2.      The administrative law judge failed to consider Dr. Pelc's opinion regarding a marked limitation in completing a normal workweek without excessive rest breaks.**

To decide whether the agency correctly applied legal standards, we begin with an opinion stated by Dr. Pelc during his cross-examination. The cross-examiner asked Dr. Pelc to comment about the assessment by another psychologist, Dr. Richard Madsen. Dr. Madsen's assessment included a marked limitation in the ability

- to complete a normal workweek without interruption from psychologically based symptoms and

- to perform at a consistent pace without an unreasonable number or length of rest periods.

2

R. at 544. When asked about Dr. Madsen's assessment, Dr. Pelc agreed, stating that he too would regard Ms. Trujillo as markedly limited. *Id.* at 290.

The administrative law judge had to at least (1) consider Dr. Pelc's adoption of this assessment and (2) state whether he agreed with Dr. Pelc. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (stating that the administrative law judge must discuss significantly probative evidence that is rejected and uncontroverted evidence that is not relied upon). The judge failed to satisfy this requirement, for he never mentioned Dr. Pelc's assessment of a marked limitation in Ms. Trujillo's ability to complete a normal workweek without interruptions or excessive rest breaks. That failure constitutes reversible error.

According to the Defendant, the administrative law judge elsewhere dealt with Dr. Pelc's opinion, accounted for the limitation, and made other findings that would have rendered any omission harmless. We disagree with each argument.

The Defendant denies any omission, pointing to the administrative law judge's discussion of opinions elicited in Dr. Pelc's direct-examination. For example, the administrative law judge addressed Dr. Pelc's opinions regarding (1) a marked limitation in Ms. Trujillo's ability to process information that is detailed or complex and (2) her inability to deal with usual work routines and changes in routine work environments. R. at 287. But these opinions did not address Ms. Trujillo's inability to complete a normal workweek without interruption from

3

psychologically based symptoms or excessive rest breaks. The opinions expressed in direct-examination and cross-examination were distinct.

The Defendant also contends that the administrative law judge accounted for this limitation by (1) discussing a broader limitation and (2) limiting Ms. Trujillo to unskilled work involving only simple, rote, repetitive tasks. We disagree.

The Defendant contends that the administrative law judge broadly discussed Dr. Pelc's opinion (involving a marked limitation in the ability to complete a normal workweek) by discussing another of Dr. Pelc's opinions (involving an inability to follow complex or detailed instructions). We reject this contention, for the two opinions are distinct. The judge discussed Dr. Pelc's assessment of mental ability at a snapshot in time, considering whether Ms. Trujillo could follow an instruction that is complex or detailed. But the judge failed to discuss Dr. Pelc's assessment regarding the duration (a normal workweek) of Ms. Trujillo's ability to satisfy the mental demands of work assignments even when they lack detail or complexity.

This distinction is reflected in the testimony of a vocational expert. The expert was asked about the vocational effects of both limitations. The limitation discussed by the judge (an inability to follow complex or detailed instructions) would still allow Ms. Trujillo to work. R. at 294. But when asked about the limitation omitted by the judge (a marked limitation in the ability to complete a

normal workweek), the vocational expert stated that Ms. Trujillo would have been unable to do *any* work. *Id.* at 296.

Ignoring this distinction, the Defendant argues that the administrative law judge implicitly accounted for Ms. Trujillo's marked limitation in her ability to complete a normal workweek, pointing to the judge's restriction to work tasks that are simple, rote, and repetitive. We again disagree. Even when a job is simple, rote, and repetitive, a person must be able to work normal workweeks without excessive rest periods. Thus, as noted above, the vocational expert testified that Ms. Trujillo could not keep a job if she had a marked impairment in the ability to complete a normal workweek without interruptions or excessive rest breaks. *Id.*

In our view, the administrative law judge's rationale breaks down with his failure to consider Dr. Pelc's assessment of a marked limitation in the ability to complete a normal workweek. The Defendant predicts that the administrative law judge would have rejected Dr. Pelc's assessment, pointing out that the judge had already rejected a similar assessment by Dr. Madsen. That is a possibility, but we do not know what the administrative law judge would have decided if he had actually evaluated Dr. Pelc's opinion.

To indulge in the Defendant's prediction, we must be able to confidently conclude that no reasonable administrative fact-finder could have credited Dr.

5

Pelc's assessment while rejecting Dr. Madsen's. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). That sort of confidence is missing here.

The administrative law judge adopted some of Dr. Madsen's opinions and rejected others. In rejecting some of Dr. Madsen's opinions, the judge explained that Dr. Madsen had examined Ms. Trujillo only twice, failed to provide a persuasive rationale or thorough discussion of the evidence, and given an assessment that conflicted with exam findings and Ms. Trujillo's treatment history. R. at 270.

That explanation might not have applied to Dr. Pelc's assessment. The administrative law judge referred to Dr. Pelc as a psychiatric expert and acknowledged that Dr. Pelc had thoroughly reviewed the medical evidence. *Id.* at 271. And with corroboration by Dr. Pelc, the administrative law judge may have been less dismissive of Dr. Madsen's assessment.

We simply do not know what the result would have been if the administrative law judge had discussed Dr. Pelc's opinion. In these circumstances, the failure to discuss that opinion constitutes reversible error.

**3.     The administrative law judge did not err in discussing Dr. Pelc's other opinions.**

Because that failure constitutes reversible error, we must remand to the district court with instructions to order a further remand to the Social Security Administration. Because of the need for further administrative proceedings, we

address Ms. Trujillo's argument concerning another of Dr. Pelc's opinions. In that opinion, Dr. Pelc assessed Ms. Trujillo's inability to deal with routine work changes. *Id.* at 287-88. The administrative law judge rejected this assessment, explaining that Ms. Trujillo's mood swings and lability were not so severe that they would prevent adaptation to usual work changes. *Id.* at 271.

Ms. Trujillo questions this explanation, arguing that the administrative law judge substituted his own opinion for Dr. Pelc's. We disagree. It is true that administrative law judges cannot substitute their own lay opinions for a psychological expert's. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). But that is not what the administrative law judge did. He had an obligation to determine what Ms. Trujillo could do in spite of her limitations (what the regulations call her "residual functional capacity"). *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (stating that the administrative law judge, not a physician, is charged with determining the claimant's residual functional capacity). The judge was simply carrying out that obligation when analyzing Dr. Pelc's assessment against the backdrop of the other psychological evidence involving mood swings and lability.

The judge had to give "good reasons" for his assessment, and he carried out that obligation by relying on his earlier discussion of the examinations by others. *See* 20 C.F.R. § 416.927(c)(2), (e). Through these references, the judge explained

that even with mood swings and lability, Ms. Trujillo had normal content, normal affect, and insight and judgment that were intact. R. at 268-69.

Ms. Trujillo questions this rationale, arguing that the administrative law judge misinterpreted the record and gave greater weight to his own lay opinion than to the medical expert's opinion. But the administrative law judge had a *duty* to evaluate the opinions given by the medical expert. *See* 20 C.F.R. § 416.927(e)(2)(iii).

In carrying out this duty, the judge reasonably evaluated the medical evidence, for

- Dr. Madsen had assessed Ms. Trujillo's "thought content" as "[l]ogical and relevant" (R. at 541) and

- a physician's assistant and a nurse-practitioner had regarded Ms. Trujillo's mood and affect as "appropriate" and her insight and judgment as "normal" (R. at 472, 476, 485, 499, 503, 641).

In light of these assessments by medical professionals, the judge had substantial evidence for his evaluation of Dr. Pelc's opinion regarding an inability to deal with routine work changes. As a result, the judge did not err when he rejected Dr. Pelc's opinion involving routine work changes.

4. **Conclusion**

Because the administrative law judge failed to discuss a different opinion by Dr. Pelc (involving a marked limitation in the ability to complete a normal workweek), we reverse. The action is remanded to the district court with

instructions to remand the action to the Social Security Administration for further proceedings.

Entered for the Court


Robert E. Bacharach
Circuit Judge