**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AUTUMN E. ROSE,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant - Appellee.

No. 15-6031
(D.C. No. 5:13-CV-00887-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Autumn E. Rose seeks reversal of the district court's judgment upholding the

decision of an administrative law judge (ALJ) to deny her application for social

security disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g). We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I.  BACKGROUND

Ms. Rose claims she is disabled by injuries she sustained in a motor vehicle accident on May 10, 2008, in which her mother, who was driving the vehicle, died. Ms. Rose suffered very serious injuries in the accident and required five weeks' hospitalization, numerous surgeries, and a long recovery period.  She alleges disability due to a shunt in her brain, problems with her left arm, low back and neck pain, depression, and associated problems.  Her insured status for the purpose of disability insurance benefits expired on December 31, 2010.  She was then 27 years old.

Ms. Rose requested and received a hearing before an ALJ at which she was represented by counsel.  Ms. Rose, her uncle, and a vocational expert (VE) testified. The ALJ found Ms. Rose's severe impairments were the residual effects of the injuries she sustained in the automobile accident:  a "close[d] head injury with contusions that resulted in right lower lateral rectus weakness, skull fracture with the laceration, C1 and T2 cervical fractures, bilateral rib fractures, sternal fracture, left clavicle fracture, bilateral pulmonary conclusions [sic], bilateral pneumoth[o]races[,] liver laceration[, and] obesity."  Aplt. App. vol. II at 12.  The ALJ further found that these impairments did not meet or equal the listings for presumptive disability.  The ALJ then concluded that although Ms. Rose could not perform her past work, she had the residual functional capacity (RFC) to perform a limited range of sedentary work. The VE identified jobs a person with Ms. Rose's RFC could do that existed in significant numbers in the national economy.  Consequently, the ALJ determined at

2

step five of the controlling five-step sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step framework for determining disability), that Ms. Rose was not disabled under the Social Security Act. The Appeals Council denied review. Ms. Rose appealed to the district court, which affirmed the agency's denial of benefits.

## II. **LEGAL STANDARDS**

"We review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). We examine the record as a whole, but we do not reweigh the evidence. *Id.* We also do not "substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and a "physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted). "Under the Social Security Act, a claimant is disabled if she is unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." *Wilson v. Astrue*, 602 F.3d 1136,

3

1140 (10th Cir. 2010) (ellipsis and internal quotation marks omitted).

## III.  DISCUSSION

On appeal, Ms. Rose advances four challenges to the ALJ's finding that she is not disabled:  (1) the ALJ did not properly evaluate her mental impairments, (2) the ALJ failed to develop the record, (3) the ALJ did not properly analyze her obesity, and (4) the ALJ's credibility analysis was flawed.

### A. Evaluation of Mental Impairments

We first address Ms. Rose's argument that the ALJ did not properly evaluate the evidence of her mental impairments.  Three consulting psychologists conducted mental evaluations—Dr. Cruse on December 1, 2008, Dr. Swink on May 7, 2009, and Dr. Repanshek on May 13, 2010.  In addition, two state agency medical consultants, Dr. Scott and Dr. Lochner, reviewed Ms. Rose's records and submitted opinions on her mental condition.  The ALJ summarized all of those reports.

Ms. Rose contends the ALJ did not determine that her mental impairments were severe at step two, so his step four RFC analysis that included mental limitations was confusing or contradictory.  It was not improper for the ALJ to include non-severe mental limitations in his RFC determination because "even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his residual functional capacity (RFC) analysis at step four," *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013).

4

Ms. Rose next points out that at step three the ALJ did not complete a psychiatric review technique (PRT) form or make the findings about her mental limitations required by 20 C.F.R. § 404.1520a. This "special technique" requires the ALJ to evaluate the claimant's symptoms, signs, and laboratory findings, *id*. § 404.1520a(b), and rate in four broad areas the degree of functional limitation, *id.* § 404.1520a(c), to determine the severity of the claimant's mental impairments, *id.* § 404.1520a(d). The ALJ must "document application of the technique in the decision." *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (internal quotation marks omitted).

The ALJ's decision does not document the required technique, but we conclude the error was harmless. *See Fischer-Ross*, 431 F.3d at 734 (finding harmless error where "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review"). The ALJ determined at step four that Ms. Rose's psychological impairments limited her ability to sustain concentration such that she could perform only unskilled work and "she must work in a relatively isolated environment with limited contact with peers and supervisors and the general public." Aplt. App. vol. II at 13. The ALJ's assessment of Ms. Rose's mental impairments is consistent with the opinions of Drs. Cruse, Swink, Repanshek, Scott, and Lochner.[1]

---

[1] Ms. Rose argues that Dr. Lochner's PRT form designating "moderate" limitations in various activities and functioning indicated a "severe" mental impairment. We do not find this argument persuasive given Dr. Lochner's opinion

(continued)

5

Ms. Rose does not cite to evidence that her mental impairments met a listing, but argues only that Dr. Cruse's December 2008 global assessment of functioning (GAF) of 40[2] could support a finding that her mental impairments met listing 12.02 or 12.04. *See* 20 C.F.R. pt. 404, Subpt. P, App. 1. The low GAF score, standing alone, is insufficient because the Commissioner does not consider GAF scores to "have a direct correlation to the severity requirements in our mental disorders listings," *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury,* 65 Fed. Reg. 50746, 50764–65 (Aug. 21, 2000), and the current *Diagnostic and Statistical Manual of Mental Disorders,* 16 (5th ed. 2013) has discontinued its use because of "its conceptual lack of clarity . . . and questionable psychometrics in routine practice."

Ms. Rose further argues that because the ALJ did not state the weight he gave each psychological opinion, his decision cannot be upheld. But as noted above, the mental-status evidence supports the ALJ's RFC determination. "When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). Thus, no reasonable factfinder could conclude that Ms. Rose's mental limitations met a listing.

---

that Ms. Rose's "current cognitive deficits appear to be non-severe." Aplt. App. Vol. IV at 660.

[2] "The GAF is a subjective determination based on . . . the clinician's judgment of the individual's overall level of functioning." *Langley v. Barnhart,* 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004) (internal quotation marks omitted).

## B. Failure to Develop the Record

Ms. Rose requested the ALJ to order an additional consultative psychological evaluation for the purpose of administering a specific test: the Luria-Nebraska Neuropsychological Battery. While acknowledging that she had three consultative psychological examinations by Drs. Cruse, Swink and Repanshek, she contends that none of those examinations adequately addressed her cognitive limitations. Consequently, she contends the ALJ failed in his duty to develop the record by refusing to order the test she requested.

A social-security claimant bears the burden to establish her disability. *Wall*, 561 F.3d at 1062. The procedure is nonadversarial and "the ALJ has a duty to ensure than an adequate record is developed during the disability hearing consistent with the issues raised." *Id.* at 1062-63 (internal quotation marks omitted). Even so, the duty "is *not* unqualified." *Id.* at 1063.

The psychological evaluators administered various cognitive tests and analyzed the results. In addition to the evaluators' analyses, two non-examining state agency consultants reviewed the records. The evidence does not indicate that Ms. Rose suffers from a severe cognitive impairment or mental-functioning limitations not accounted for in the RFC assessment. Consequently, "there was no need to further develop the record because sufficient information existed for the ALJ to make [his] disability determination." *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).

7

## C. Evaluation of Obesity

Next, Ms. Rose faults the ALJ for his evaluation of her obesity. She claims that although the ALJ found her obesity to be a severe impairment, he failed to properly consider its effects in formulating her RFC.

The ALJ is required to consider the effects of obesity when assessing the claimant's RFC. *See* SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002). The ALJ may not, however, "make assumptions about the severity or functional effects of obesity combined with other impairments." *Id.* at *6. Rather, the ALJ must "evaluate each case based on the information in the case record." *Id.* The ALJ did not specifically mention obesity in the RFC determination, but included specific limitations and restrictions for stooping, kneeling, and crouching.

Ms. Rose points to no medical evidence indicating that her obesity resulted in functional limitations. Moreover, her hearing testimony did not describe limitations due to obesity. She testified that she can bend at the waist and she can squat, although her knees bother her due to injuries from the accident. Therefore, "the factual record does not support [Ms. Rose's] position that her obesity, either alone or in combination with other conditions, precludes her from performing [a limited range of sedentary] work." *Howard*, 379 F.3d at 948.

## D. Credibility Determination

Finally, Ms. Rose asserts that the ALJ erred in his analysis of her pain and subjective complaints. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by

substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (internal quotation marks omitted). The framework for evaluating a claimant's evidence of pain is: "(1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a loose nexus between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." *Wilson*, 602 F.3d at 1144 (internal quotation marks omitted).

The ALJ determined that Ms. Rose's medically determinable impairments could reasonably be expected to cause pain and discomfort. The ALJ then itemized the reasons he found her pain claims not entirely credible, referring to both physical and psychological symptoms.

Ms. Rose argues that the ALJ erred in not discussing her testimony regarding her subjective complaints, but she cites to no testimony establishing that those complaints were disabling or even severe. She stated that she has constant headaches and dizzy spells, her shoulder gives her constant pain, her neck and back are sore and stiff, and it takes her a little longer to work through her school work. She also testified that she is attending automotive-repair school, she sleeps eight to ten hours a night, she is not taking medication, and she is able to use public transportation. She did not claim that any of her subjective complaints are so severe that they interfere with her ability to work. *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir.

9

1993) (stating "pain must interfere with the ability to work"). "[D]isability requires more than mere inability to work without pain." *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir. 1986).

The ALJ found Ms. Rose's testimony concerning her subjective complaints not entirely credible. This determination is affirmatively linked to substantial evidence in the record including: the hearing testimony described above; medical findings demonstrating that she can perform sedentary to light work[3] and has a full range of motion in her joints with decreased back flexion; psychological findings indicating that she has normal thought processes and borderline to low-average intellectual functioning; and a finding that her ability to engage in activities of daily living is not so eroded as to prohibit all work. Therefore, the ALJ's credibility determination was supported by substantial evidence.

## IV. **CONCLUSION**

The judgment of the district court is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[3] The applicable regulations provide that a person who can do light work can also do sedentary work. 20 C.F.R. § 404.1567(b).