FILED
United States Court of Appeals
Tenth Circuit

October 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KAREN WATTS, a/k/a Karen Weeks,

    Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner, Social Security
Administration,

    Defendant - Appellee.

No. 17-4004
(D.C. No. 2:16-CV-00073-BCW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Karen Watts appeals from a judgment of the district court affirming the

Commissioner's denial of her application for Social Security disability benefits and

supplemental security income benefits.  Exercising jurisdiction under 42 U.S.C.

§ 405(g) and 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. Background

Ms. Watts sought benefits alleging she became disabled in March 2013, at age 51, based on bipolar disorder, depression, back surgery, and knee injury.[1] The administrative law judge (ALJ) applied the familiar five-step sequential evaluation process used to assess social security claims. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). He found Ms. Watts has severe impairments of depression, anxiety, iron deficiency, and spinal degeneration status post fusion, but did not have an impairment or combination of impairments that meets or equals the requirements of a listing. The ALJ assessed Ms. Watts with the residual functional capacity (RFC) to perform a reduced range of light work, limited by a need to have only brief and superficial contact with the public and to avoid even moderate exposure to certain hazards. A vocational expert testified Ms. Watts could not perform her past relevant work, but could perform unskilled work that exists in significant numbers in the national economy, such as a cleaner or office helper. Accordingly, the ALJ found Ms. Watts was not disabled. The Appeals Council denied review, and a magistrate judge, acting on the parties' consent, affirmed the Commissioner's decision.

## II. Discussion

On appeal, Ms. Watts argues the ALJ failed to discuss the opinions of her treating medical providers and improperly discounted her subjective complaints. "We review the Commissioner's decision to determine whether the factual findings

---

[1] Ms. Watts does not challenge the denial of benefits related to her physical impairments.

2

are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson*, 602 F.3d at 1140. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted).

Discussion of Treating Physicians. Ms. Watts argues the ALJ erred by not expressly discussing the medical evidence from her treating physicians relevant to her bipolar disorder when he formulated his RFC. She complains the ALJ only evaluated opinion evidence from one-time examining physicians or consultative physicians. Specifically, she argues the ALJ should have discussed the evidence from (1) Dr. McGaughy, her long-time treating provider, who diagnosed her with bipolar disorder, and assigned her GAF scores ranging from 45 to 55;[2] (2) Dr. Hough, who diagnosed her as bipolar and checked a box stating Ms. Watts was unable to work due to her bipolar disorder and depression; and (3) other unnamed providers who stated, without discussion or analysis, she was unable to work.[3] Ms. Watts does

--------

[2] The Global Assessment of Functioning, or GAF, score, "is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." *Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (internal quotation marks omitted). "A GAF score of 51-60 indicates moderate symptoms, such as a flat affect, or moderate difficulty in social or occupational functioning." *Id*. (internal quotation marks omitted). "A GAF score of 41-50 indicates serious symptoms . . . or serious impairment in social, occupational, or school functioning, such as inability to keep a job." *Id*. (brackets and internal quotation marks omitted).

[3] Ms. Watts also alleges it was error not to discuss the statement by a licensed social worker noting Ms. Watts had bipolar disorder. But the social worker simply noted Ms. Watts' diagnosed bipolar disorder, and expressed no opinion as to how this

(continued)

3

not identify any specific functional limitation these treating physicians identified that the ALJ overlooked in making his RFC determination.

The ALJ noted Ms. Watts had a lengthy history of treatment for bipolar disorder, depression, and anxiety. The ALJ did not discuss in any detail the evidence from her treating physicians relating to Ms. Watts' bipolar disorder, but he stated he had considered all of the medical evidence in the record, including all reported symptoms, objective medical evidence, and medical opinion evidence. We take the ALJ at his word, unless shown otherwise. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). The ALJ did discuss the evidence from Ms. Watts' treating physicians that had potential relevance to his RFC determination. The ALJ explained he gave very little weight to GAF scores because they vary daily and represent only a clinician's subjective evaluation at a single point in time. The ALJ noted Dr. Hough's opinion Ms. Watts could not work, but gave it no weight because findings of disability are reserved to the Commissioner.

An ALJ must determine a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). "But the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). While the "record must

---

impairment affected Ms. Watts' ability to function. A licensed social worker is not an acceptable medical source and may only be used as other evidence of how a claimant's impairment affects her ability to function. SSR 06-03p, 2006 WL 2329939, at *3. The mere diagnosis of a condition does not establish its severity or any resulting work limitations.

demonstrate the ALJ considered all of the evidence," there is no requirement an ALJ "discuss every piece of evidence." *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (internal quotation marks omitted).

None of Ms. Watts' treating physicians expressed any medical opinion that she had greater functional limitations than those identified by the ALJ in his RFC determination. We have held an ALJ may permissibly engage in a less extensive analysis of the medical evidence where "none of the record medical evidence conflicts with the ALJ's conclusion that claimant can perform . . . work." *Howard*, 379 F.3d at 947 ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). Ms. Watts argues the ALJ should have discussed in detail all of the evidence from her treating physicians. But, as noted, there is no requirement the ALJ reference everything in the administrative record, particularly when the evidence supports the ALJ's conclusion. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (holding if the ALJ's RFC is "generally consistent" with the findings in an opinion, "[t]here is no reason to believe that a further analysis or weighing of th[e] opinion could advance [the claimant's] claim of disability.").

In her reply brief, Ms. Watts argues the ALJ erred when he gave little weight to the GAF scores assigned by Dr. McGaughy. An ALJ is obligated to give good reasons for the weight he assigns to a treating physician's opinion. *Langley*, 373 F.3d at 1119. The ALJ satisfied this requirement, explaining he gives GAF scores very little weight because they vary daily and represent only a subjective

5

evaluation at a single point in time. Ms. Watts does not dispute the accuracy of this statement. The Commissioner has declined to endorse the use of GAF scores for use in disability determinations, concluding they have no "direct correlation to the severity requirements" of the mental disorders listings. *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000); *see also Rose v. Colvin*, 634 F. App'x 632, 636 (10th Cir. 2015) (finding no error in an ALJ's failure to discuss a GAF score of 40, because GAF scores have no direct correlation to disability and the current *Diagnostic and Statistical Manual of Mental Disorders* has discontinued the use of the GAF due to its "conceptual lack of clarity" and "questionable psychometrics in routine practice" (internal quotation marks omitted)). We conclude the ALJ did not err in his discussion of the medical evidence or in his evaluation of the GAF scores in the record.

Credibility Determination. Ms. Watts next challenges the ALJ's analysis in assessing the credibility of her subjective complaints. She testified her impairments cause her to go to the emergency room for her mental problems and suicide attempts, she has panic attacks before work, poor sleep during manic phases, has racing thoughts and lack of interest in any activities, poor energy, excessive sleep, and cooks in the microwave. The ALJ found Ms. Watts' "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Aplt.

6

App., Vol. I, at 16. The ALJ cited Ms. Watts' activities of daily living (ADL), noting she "cooks and cleans every day, goes shopping weekly, calls her mother and her son frequently, visits family in California every three months, goes fishing, does crossword puzzles, and drives a car." *Id.* The ALJ noted she goes for walks and goes to the movies. The ALJ also noted she told her therapist she "love[d] to fix up the house." *Id.* (internal quotation marks omitted).

Ms. Watts argues the ALJ's credibility determination is flawed, because it was based only on boilerplate language and minimal ADL findings. She argues the ALJ gave only a general description of her ADL without discussing how she actually performs those activities. She argues the ALJ should have discussed the evidence that she has made aggressive efforts to relieve her symptoms through frequent therapy visits and medication, she is compliant with her medications, and these medications have side effects, all of which is relevant to her credibility.

"Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned "when supported by substantial evidence." *Wilson*, 602 F.3d at 1144. An ALJ must consider such factors as a claimant's daily activities; attempts to find relief; the type, effectiveness and side effects of medication; and factors that precipitate and aggravate the symptoms. *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004).[4] An ALJ must do more than merely recite the relevant

---

[4] *Hamlin* cited SSR 96-7p, which articulated the factors an ALJ should consider in evaluating a claimant's subjective symptoms and was the applicable ruling at the time of the ALJ's decision here. SSR 96-7p was superseded in March

(continued)

factors, but must give reasons for the findings linked to the evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*. (brackets and internal quotation marks omitted). But we "do not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's subjective complaints, the dictates of *Kepler* are satisfied." *See Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

The ALJ's analysis satisfies this test. He did not just recite the boilerplate factors. He described the inconsistencies between her complaints and her ADL. *Wilson*, 602 F.3d at 1146 (holding an ALJ's consideration of ADLs is a permissible part of substantial evidence supporting credibility evaluation). But he did not solely consider Ms. Watts' ADL. He did acknowledge Ms. Watts' persistent attempts to find treatment for her mental impairments. And he did note she takes her psychiatric medications, even though she dislikes doing so. Ms. Watts' argument that the ALJ should have found her subjective complaints fully credible because she sought treatment and took her medications is essentially asking this court to impermissibly reweigh the evidence and improperly substitute our judgment for the

2016 to "eliminate[e] the use of the term 'credibility'" and to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). However, the factors to be considered under SSR 96-7p are the same as under SSR 16-3p. *Compare* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996), with SSR 16-3p, 2016 WL 1119029, at *7.

8

Commissioner's, which we may not do. *See Qualls*, 206 F.3d at 1372. We conclude the ALJ properly considered the relevant factors and specifically set forth record evidence relied upon in making his credibility determination. *See id*. We find no error.

Judgment affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge